Jeanice Barcelo, pro se
55 Horizon Drive
Franklin, NC 28734
jeanicebarcelo@yahoo.com
Phone:516-830-3999



FILED
ASHEVILLE, NC

MAY 22 2023

U.S. DISTRICT COURT
W. DISTRICT OF N.C.

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA

100 Otis Street, Room 309
Asheville, North Carolina 28801

| | |
|---|---|
| Jeanice Barcelo,<br><br>Plaintiff,<br><br>v.<br><br>Ashley Hornsby Welch, DA,<br>Jason Arnold, Esq., chief asst. DA,<br>Joseph Scoggins, Esq., asst. DA, Macon Co.,<br>Courtney Beaver, District Ct. Legal Assistant,<br>Supreme Court of North Carolina,<br><br>Defendants. | Case No. 1:23-cv-137-MOC-WCM |

## 1. COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF UNDER THE AMERICANS WITH DISABILITIES ACT AND NORTH CAROLINA PERSONS WITH DISABILITIES PROTECTION ACT

1.1   Comes now, Jeanice Barcelo, a natural person, in the above styled action.

1.2   Plaintiff Jeanice Barcelo sues Defendants listed above for having discriminated against her and committing prohibited actions against her based on disability under the Americans With Disabilities Act of 1990 (ADA) and North Carolina Persons with Disabilities Protection Act (NCPDPA).

1.3     Plaintiff seeks declaratory and injunctive relief from Defendants' acts which are in violation of Title II of the ADA and also North Carolina Persons with Disabilities Protection Act and alleges the following:

## 2. STANDARD FOR PRO SE PLEADINGS

2.1     Picking v. Pennsylvania R. Co. 151 Fed. 2nd 240; Pucket v. Cox 456 2nd 233. Pro se pleadings are to be considered without regard to technicality; pro se litigants pleadings are not to be held to the same high standards of perfection as lawyers.

2.2     Platsky v. C.I.A. 953 F.2d. 25. Additionally, pro se litigants are to be given reasonable opportunity to remedy the defects in their pleadings. Reynoldson v Shillinger 907F. 2d 124, 126 (10th Cir. 1990);

2.3     Frey v. Schuetzle, 78 F3d 359 (8th Cir. 1996) Pro se petition must be given liberal construction and petitioner is not required to identify specific legal theories or offer case citations in order to be entitled to relief.

## 3. JURISDICTION AND VENUE

3.1     This Court has original and exclusive jurisdiction over discrimination under Title II of the ADA and the Americans with Disabilities Act Amendments Act of 22008 (ADAA); 42 U.S.C. §12101, 42 U.S.C. §12131(1)(A)(B), 42 U.S.C. §12132, 42 U.S.C. §12202 and also, under Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. §2201 which governs declaratory judgments in federal court.

3.2     Venue is proper in Western District of North Carolina pursuant to 28 U.S.C. §1391(b)(2) because Plaintiff resides in this District and a substantial part of the events or omissions giving rise to the claims occurred in this District. The incidents and facts giving rise to this complaint happened within the North Carolina 3-year statute of limitations regarding personal injury.

## 4. PARTIES

4.1     Plaintiff resides at 55 Horizon Drive, Franklin, NC 28734 and is a qualified individual with a disability within the meaning of the ADA.

COMPLAINT FOR DECLARATORY JUDGMENT UNDER A.D.A.
Page 2 of 9

Case 1:23-cv-00137-MOC-WCM     Document 1     Filed 05/22/23     Page 2 of 8

4.2     Defendants Hornsby, Scoggins, Arnold and Beaver work at the Macon County District Attorney's Office at 5 West Main Street, Franklin, NC 28734 and all are covered entities within the meaning of the ADA.

4.3     The Supreme Court of North Carolina is located at 2 East Morgan Street, Raleigh, NC 27601-1428 and is also a covered entity within the meaning of the ADA.

## 5. PLAIN STATEMENT

5.1     Plaintiff received a Class 2 misdemeanor traffic citation on 7 January, 2023. The officer told Plaintiff she would need to appear in court on 8 February, 2023. Plaintiff then explained that she has extreme sensitivity to wifi, cell phones, and all forms of pulsed microwave radiation and could not appear in court. Officer told her to take it up with administrators.

5.2     Plaintiff made two good faith requests in writing to the District Attorney's office requesting a reasonable accommodation for her disability suggesting that she make an appearance through Webex, Skype or telephonic hearing. Plaintiff clearly explained that she suffers from microwave illness / electromagnetic sensitivity and that exposure to the electronic/wireless devices such as WIFI and cell phones at the court house were a serious threat to her health.

5.3     District Attorneys made no attempt to communicate with Plaintiff or respond to her request for accommodation. No accommodation was ever offered or granted, in direct violation of North Carolina General Laws §168A-6/ §168A-7(a)(b) and 42 U.S.C. §12132 and §12112.

5.4     Instead, Defendants proceeded to hold court without Plaintiff's presence, leading to Chief District Court Judge Roy T. Wijewickrama finding Plaintiff guilty and issuing a warrant for her arrest. Plaintiff assumes Judge Wijewickrama was unaware of her requests for accommodation.

COMPLAINT FOR DECLARATORY JUDGMENT UNDER A.D.A.
Page 3 of 9

Case 1:23-cv-00137-MOC-WCM     Document 1     Filed 05/22/23     Page 3 of 8

5.5     Plaintiff, under what amounted to house arrest, sent a Habeas Writ to the Supreme Court of North Carolina explaining how her rights were being violated. Plaintiff sought for the higher Court to assume jurisdiction over the matter and issue an emergency order directing that the arrest warrant to be quashed. The Supreme Court summarily dismissed Plaintiff's Habeas Writ without comment, further discriminating against her and denying her ADA rights, rights under the NCPDPA, and her right to due process.

## 6. STATEMENTS OF FACT

6.1     Plaintiff made multiple good faith attempts requesting accommodation from Defendants. On 11 January, 2023 Plaintiff wrote to the Macon County Courthouse clearly requesting a reasonable accommodation for her disability under NCPDPA §168A-6/§168A-7(a)(b). (Exhibit 1)

6.2     On 17 January, 2023, Plaintiff received a letter from Defendant Courtney Beaver requesting that Plaintiff send in a copy of the citation stating that once the copy was received, the attorneys in her office would contact Plaintiff with options regarding accommodation. Plaintiff sent the copy of the citation on 24 January, 2023, as requested. (Exhibit 2)

6.3     On or about 15 February, 2023, Plaintiff received another letter from Courtney Beaver that was not dated but postmarked February 13th, stating that Plaintiff must appear in court on 15 March, 2023. No accommodation was offered. This letter further insisted that the matter must be handled in court even though Plaintiff had made it abundantly clear that she could not come into the courthouse because she was not able to be exposed to the smart meters, cell phones, wifi routers, cordless phones, cordless printers, etc. in the court building due to extreme electromagnetic sensitivity. (Exhibit 3).

6.4     Plaintiff had recently been to the emergency room at Angel Medical Center in Franklin, NC for a serious heart problem stemming from her EMF sensitivity. Plaintiff had also recently seen a cardiac specialist in Asheville, NC for the same serious heart issue caused by exposure to pulsed microwaves and wireless devices. Nonetheless, Defendant Beaver repeatedly insisted that Plaintiff must come into the courthouse.

6.5     On 17 February, 2023, Petitioner sent a second letter to Defendant Beaver re-explaining her health condition and why she could not come into the courthouse, and asking once again for accommodation. (Exhibit 4)

6.6     No accommodation was ever offered despite the Courthouse having Webex and telephones, or other options.

6.7     On 16 March, 2023, Plaintiff called the DA's office and was told by Defendant Beaver that the court had proceeded without her and that chief district court Judge Roy T. Wijewickrama had issued a warrant for her arrest on the advice of Defendants Arnold and Scoggins.

6.8     Upon hearing that a warrant had been issued for her arrest, Plaintiff was extremely alarmed and asked if she could simply pay whatever fine was imposed. Yet despite her good faith and repeated attempts to explain why her disability did not allow her to enter the courthouse, Defendant Beaver callously insisted that Plaintiff must come into the courthouse and speak to a defense attorney. She did this several times over the course of this ordeal, first demanding Plaintiff come in to attend trial and then later to speak with a defense attorney, and then again to speak with the sheriff's office regarding the warrant.

6.9     Defendants' actions caused Plaintiff to be under extreme stress and fear. Plaintiff was fearful that a sheriff's deputy would come to her door at any moment to arrest her. She also feared leaving her home where she spends most of her time inside of a faraday canopy, worried that if she drove her car and got pulled over, she would be arrested and subjected to time in jail that would expose her to a life-threatening amount of electromagnetic radiation and pulsed microwave frequencies. She experienced insomnia, loss of appetite, and extreme anxiety due to this potentially deadly situation. Her cardiac condition was exacerbated by the stress.

6.10    Fearful for her life, Plaintiff filed a Habeas Writ with the North Carolina Supreme Court on 30 March, 2023 asking the Court to take over jurisdiction of the matter and have the

warrant quashed. NCSC summarily dismissed Plaintiff's Habeas Writ without comment on 3 April, 2023.

6.11   On 4 April, 2023, in desperation, Plaintiff contacted the court clerk and spoke with Ms. Lauren Messner, explaining her situation. Ms. Messner kindly agreed to intervene, and on 6 April, Ms. Messner contacted Plaintiff to let her know that the warrant had been lifted and a new court date was scheduled for 3 May, 2023. Plaintiff is astounded by the fact that a court clerk could clearly understand her situation when neither the NCSC nor the Macon County's DA's office would.

6.12   On 25 April 2023, Plaintiff filed another Motion with NCSC for Due Process and a Definitive Statement regarding the reasons for the dismissal of the Habeas Writ filed on 30 March, 2023.  To date, NCSC has not responded to this motion or explained its reasons for not having the warrant quashed immediately when the Habeas Writ was filed.

6.13   For a total of 21 days, Plaintiff was essentially under house arrest, fearful of both being in her home should a sheriff knock on her door, yet also afraid to leave her home should she be pulled over and arrested.  She felt extreme anxiety due to Defendant's callous and unlawful disregard of her health and her rights as a disabled individual.

# 7. ALLEGATIONS OF DEFENDANTS' VIOLATIONS OF TITLE II OF THE ADA, 42 U.S.C. §12132 *et sequitur* AND NC PERSONS WITH DISABILITIES PROTECTION ACT

7.1   Plaintiff re-pleads the foregoing Statement of Facts.

7.2   Under §12202 **"A State shall not be immune under the eleventh amendmnt to the Constitution of the United States from an action in Federal or State court of competent jurisdiction for a violation of this chapter.** In any action against a State for a violation of the requirements of this chapter, remedies (including remedies both at law and in equity) are available for such a violation to the same extent as such remedies are available for such a violation in an action against any public or private entity other than a State."

7.3     Defendants are deemed to know the law and qualify as public entities under Title II of the ADA §12131.

7.4     Under Title II, Regulation 28 §35.130(b)(7)(i), *A public entity shall make reasonable modifications in policies, practices, or procedures when the modifications are necessary to avoid discrimination on the basis of disability, unless the public entity can demonstrate that making the modifications would fundamentally alter the nature of the service, program, or activity.* Plaintiff repeatedly asked for an accommodation that was readily available.

7.5     Plaintiff has been discriminated against, harassed, and suffered irreversible harm as a result of the violation of her ADA rights.

7.6     Moreover, Plaintiff's right to due process has been violated.

7.7     North Carolina Persons with Disabilities Protection Act §168 A-4, A-7, 10.1 clearly prohibit discrimination in public service and reasonable accommodation. Defendants are deemed to know the laws of North Carolina. Plaintiff repeatedly apprised the Defendants of her disabling condition and made several good faith suggestions regarding how she could be accommodated. At the very least, the DA's office attorneys and staff could have easily arranged a telephonic hearing.

7.8     Plaintiff demands a jury trial.

## 8. SUMMARY

8.1     **WHEREFORE**, Plaintiff prays that this Court render judgment against Defendants:

8.2     Declaring that Defendants' discriminatory actions against Plaintiff violate both Title II of the ADA and North Carolina Persons with Disabilities Protection Act.

8.3   Awarding monetary damages to Plaintiff, since Defendants are all deemed to know the law, and caused Plaintiff injury and violated her right to due process, in the amount of $10,000,000 to make Plaintiff whole.

8.4   Order such other relief as the interests of justice may require.

Respectfully submitted this 19th day of May, 2023,

_Jeanice Barcelo_
All Rights Reserved

Jeanice Barcelo, pro-se
55 Horizon Drive
Franklin, NC  28734
jeanicebarcelo@yahoo.com
Phone: 516-830-3999

STATE OF North Carolina  )
                         ) SS:
COUNTY OF Macon          )

Before me, the undersigned notary public, this day appeared Jeanice Barcelo, to me known, who being duly sworn according to law, deposes the preceding.

Subscribed and sworn to before me this 19th day of May, 20 23.
[day]                [month]           [year]

_Kelly A. Barrow_
NOTARY PUBLIC

My Commission Expires: May 8 2027

KELLY A. BARROW
Notary Public, North Carolina
Macon County
My Commission Expires
May 08, 2027