UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:23-cv-137-MOC-WCM

| | |
|---|---|
| JEANICE BARCELLO, ) | |
| ) | |
| **Plaintiff, pro se,** ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| ASHLEY HORNSBY WELCH, DA, et al., ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

**THIS MATTER** comes before the Court on a Motion to Dismiss, filed by the Supreme Court of North Carolina, (Doc. No. 16), and on a Motion to Dismiss, filed by Defendants Jason Arnold, Courtney Beaver, Joseph Scoggins, and Ashley Hornsby Welch. (Doc. No. 17).

**I.    BACKGROUND**

On May 22, 2023, pro se Plaintiff Jeanice Barcelo filed this action, naming as Defendants the Supreme Court of North Carolina; Ashley Hornsby Welch, District Attorney for the 43rd Prosecutorial District; Thomas Arnold, Assistant District Attorney for the 43rd Prosecutorial District; Joseph Scoggins, Assistant District Attorney for the 43rd Prosecutorial District; and Courtney Beaver, District Court Legal Assistant for the 43rd Prosecutorial District ("DA Defendants"). Plaintiff alleges violations of the Americans with Disabilities Act of 1990 ("ADA") and the North Carolina Persons with Disabilities Protection Act ("NCPDPA"), N.C. Gen. Stat. 168A et seq., and she references her due process rights. (Doc. No. 1 ¶ 1.2).

On January 7, 2023, Macon County law enforcement cited Plaintiff for careless and reckless driving in executing unlawful passing maneuvers in the turning lane in violation of N.C.

1

GEN. STAT. § 20-140(a). (Ex. A pp. 2-5.1). The citation required Plaintiff to appear in court on February 8, 2023. (Doc. No. 1 ¶ 5.1).

Plaintiff alleges to suffer from "electromagnetic sensitivity" or a "sensitivity to wifi, cell phones, and all forms of pulsed microwave radiation" which would preclude her appearance in court, or otherwise cause a "serious threat to her health." (Id. ¶¶ 5.1, 5.2). Plaintiff sent an email to Macon County courthouse on January 11, 2023, to request an accommodation citing her alleged electromagnetic sensitivity. (Id. Ex. 1). In her email, Plaintiff briefly described her alleged microwave sickness. (Id.). Plaintiff asked the Macon County court to hold a conference via "telephone or internet" in lieu of Plaintiff physically needing to be present in court for her infraction. (Id.).

On January 17, 2023, Courtney Beaver, a Legal Assistant in the Macon County District Attorney's Office, responded to Plaintiff's email and requested a copy of Plaintiff's citation for review. (Id., Ex. 2). Legal Assistant Beaver shared that once her office was able to review the citation, they "may be able to give [] some options regarding [the] court date." (Id.). Legal Assistant Beaver subsequently informed Plaintiff that if she wished to contest the charges, the matter must be "handled in court or an attorney can appear on your behalf if you are not able to appear." (Id., Ex. 3).

On February 8, 2023, Plaintiff failed to appear in court and an order for her arrest was subsequently entered. (Ex. A p. 7). Upon motion to the court, on February 11, 2023, that order was stricken, and Plaintiff's case was instead re-calendared for hearing for March 15, 2023. (Ex. A p. 3). On February 17, 2023, Plaintiff acknowledged the receipt of Legal Assistant Beaver's previous letter and requested further clarification. (Doc. No. 1, Ex. 4). Plaintiff announced her refusal to appear in court due to her magnetic electrosensitivity and refused to permit an attorney

to appear on her behalf. (Id.). Plaintiff requested to have her citation outright dismissed if the Macon County District Attorney's Office could not "find a viable way to accommodate" her alleged disability. (Id.).

On March 16, 2023, Legal Assistant Beaver informed Plaintiff that the court had proceeded in her absence and a warrant for her arrest was issued by Judge Roy T. Wijewickrama. (Doc. No. 1 ¶ 6.7). Plaintiff alleges that, upon learning of the warrant, she made "repeated attempts to explain why her disability did not allow her to enter the courthouse . . .." (Id. ¶ 6.8). Plaintiff further alleges that as a result of Defendants' actions, she was "under extreme stress and fear" which ultimately led to "insomnia, loss of appetite, and extreme anxiety . . .." (Id. ¶ 6.9).

On March 30, 2023, Plaintiff filed a document designated as "Void Judgment Relief Habeas Writ" in the Supreme Court of North Carolina ("Writ"). (Id. ¶ 6.10). The Supreme Court dismissed that Writ by an order issued on April 3, 2023. (Id.); Barcelo v. Wijewickrama, 384 N.C. 188, 854 S.E.2d 452 (2023).

On April 4, 2023, Plaintiff contacted Clerk Lauren Messner to request assistance and on April 6, 2023, Clerk Messner made Plaintiff's aware that her warrant had been lifted. (Doc. No. 1 ¶ 6.11; Ex. A p. 8). Additionally, Clerk Messner informed Plaintiff that a new court date had been scheduled for May 3, 2023. (Doc. No. 1 ¶ 6.11). On April 26, 2023, however, Plaintiff's criminal case was dismissed with a notation that a "charging officer [was] no longer available for court." (Ex. A p. 9).

On April 25, 2023, one day before dismissal of her criminal charges by the Macon County prosecutor, Plaintiff filed her second submission to the Supreme Court designated as "Motion for Due Process and Definitive Statement Regarding Dismissal of Previous Petition," ("Due Process Motion" or "Motion"). (Doc. No. 1 ¶ 6.12).

3

On May 19, 2023, before she received any response from the Supreme Court on this Due Process Motion and after the dismissal of her criminal charges, Plaintiff filed the present Complaint in this Court. (Doc. No. 1 ¶¶ 6.12, 8.4). In her Complaint, Plaintiff alleges to have been "discriminated against, harassed, and suffered irreversible harm as a result of the violation of her ADA rights." (Doc. No. 1 ¶ 7.5). Plaintiff additionally alleges that Defendants have violated her right to due process. (Id. ¶ 7.6). Plaintiff's Due Process Motion is pending before the Supreme Court.

Plaintiff seeks declaratory and injunctive relief against all Defendants for alleged violations of the Title II of the ADA and the NCPDPA. (Doc. No. 1 ¶ 1.3). Plaintiff further seeks an award of monetary damages from Defendants in the amount of $10,000,000. (Id. ¶ 8.3).

Defendants have filed motions to dismiss Plaintiff's claims. (Doc. Nos. 16, 17). On August 11, 2023, this Court issued an order giving Plaintiff 14 days to respond to Defendants' motions to dismiss. (Doc. No. 18). Plaintiff has failed to respond, and the time to do so has passed. This matter is ripe for disposition.

## II.  STANDARD OF REVIEW

Defendants have moved to dismiss this action for lack of subject matter jurisdiction under FED. R. CIV. P. 12(b)(1) and for failure to state a claim under FED. R. CIV. P. 12(b)(6). Subject matter jurisdiction under Rule 12(b)(1) is a threshold question that must be addressed by the Court before considering the merits of the case. Jones v. Am. Postal Workers Union, 192 F.3d 417, 422 (4th Cir. 1999). Plaintiff has the burden of proving that subject matter jurisdiction exists. Richmond, Fredericksburg & Potomac R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991). "The moving party should prevail on a motion to dismiss pursuant to a lack of federal jurisdiction if material jurisdictional facts are not in dispute, and the moving party is entitled to

prevail as a matter of law." Bishop v. Funderburk, No. 3:21-cv-679-MOC-DCK, 2022 U.S. Dist. LEXIS 82174, at *10 (W.D.N.C. May 6, 2022) (citing Richmond).

In reviewing a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the Court must accept as true all of the factual allegations in the Complaint and draw all reasonable inferences in the light most favorable to the plaintiff. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–56 (2007). However, to survive a Rule 12(b)(6) motion, "[f]actual allegations must be enough to raise a right to relief above the speculative level," with the complaint having "enough facts to state a claim to relief that is plausible on its face." Id. at 570. "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are insufficient. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 555). A complaint may survive a motion to dismiss only if it "states a plausible claim for relief" that "permit[s] the court to infer more than the mere possibility of misconduct" based upon "its judicial experience and common sense." Id. at 679 (citations omitted). While the Court may construe Plaintiff's complaint liberally because she is a pro se plaintiff, the complaint must still allege "'facts sufficient to state all the elements of [his] claim'" to survive a motion to dismiss. Williams v. Wal-Mart Stores East, L.P., No. 5:18-CV-33-BO, 2018 WL 3341181, at *2 (E.D.N.C. July 6, 2018) (quoting Bass v. E.I. DuPont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003)).

### III.    DISCUSSION

The Court will dismiss this action. First, to the extent Plaintiff has named the "North Carolina Supreme Court" as a Defendant, the North Carolina Supreme Court and its justices are entitled to absolute judicial immunity, as the issuance of an order by the North Carolina Supreme

5

Court dismissing Plaintiff's Writ and its pending action on Plaintiff's Motion clearly satisfies the judicial capacity requirement.[1] See Stump v. Sparkman, 435 U.S. 349, 360 (1978). Further, where a plaintiff raises a claim for damages in connection with judicial functions under the ADA, the claim is barred by judicial immunity. Fuller v. Holt, No. 5:18-CV-00059-FL, 2018 WL 11207482, at *4 (E.D.N.C. Nov. 21, 2018).

Plaintiff's claims against the Supreme Court are additionally barred by North Carolina's sovereign immunity guaranteed by the Eleventh Amendment to the United States Constitution. See, e.g., Hans v. Louisiana, 134 U.S. 1 (1890); Seminole Tribe of Fla. v. Florida, 517 U.S. 44 (1996). Plaintiff alleges that Congress had abrogated states' sovereign immunity for certain ADA claims. While the United States Supreme Court recognized Congress's limited abrogation of sovereign immunity for purposes of Title II of the ADA, Tennessee v. Lane, 541 U.S. 509, 534 (2004), the Supreme Court made clear that its holding was limited to certain cases involving violations of the fundamental right of access to the courts. Id.

Here, Plaintiff simply challenges the unfavorable decision reached by the North Carolina Supreme Court on her court submissions. Thus, a fundamental right of access to the courts is not implicated. See King v. Montgomery Cnty. Circuit Ct., No. DKC-05-721, 2005 WL 4014095, at *1 n.4 (D. Md. Mar. 22, 2005). Plaintiff was provided with an opportunity to submit her court filings to the Supreme Court, took advantage of that opportunity, and now challenges only the format of the Supreme Court's decision. Plaintiff fails to allege that the Supreme Court, in any manner, created an obstacle to her participation in the judicial proceedings concerning the reckless driving, and even less so an obstacle stemming from the Plaintiff's alleged

---

[1] In addition, the North Carolina Supreme Court asserts that it was never properly served with process.

electromagnetic sensitivity. In sum, the Eleventh Amendment precludes Plaintiff's federal claims against the Supreme Court of North Carolina.

Next, as to the additional Defendants—who are all district attorneys, assistant district attorneys, and a legal assistant—these Defendants enjoy prosecutorial immunity as to Plaintiff's claims against them. See Imbler v. Pachtman, 424 U.S. 409 (1976).

Next, as to all Defendants, even if they did not enjoy absolute judicial and prosecutorial immunity, Plaintiff fails to plausibly allege she is disabled under the ADA. Plaintiff alleges, in conclusory fashion, that she "is a qualified individual with a disability within the meaning of the ADA." (Doc. No. 1, ¶ 4.1). However, Plaintiff's alleged disability, microwave illness and/or electromagnetic sensitivity, is not a cognizable disability entitling Plaintiff to the protections of the ADA. See Hirmiz v. New Harrison Hotel Corp., 865 F.3d 475 (7th Cir. 2017); G v. Fay Sch., Inc. by & through its Bd. of Trustees, 282 F. Supp. 3d 381 (D. Mass. 2017). Moreover, the complaint fails to plead with any specificity that Plaintiff's alleged disability substantially limits one or more major life activities as required by the ADA. See 42 U.S.C. § 12102(2)(a). Finally, for the reasons stated in Defendant's brief in support of the motion to dismiss, Plaintiff's complaint also fails to establish that any of the Defendants discriminated against or denied the benefits of services, programs, or activities because of her alleged disability.[2]

Finally, as to Plaintiff's sole state law claim under the NCPDPA, where "a district court dismisses all federal claims under Rule 12(b)(1) of the Federal Rules of Civil Procedure . . . the district court is precluded from exercising supplemental jurisdiction over the remaining state-law claims." Cangemi v. United States, 13 F.4th 115, 134 (2d Cir. 2021). Because the Court is

---

[2] For example, as Defendants explain, the DA Defendants lacked the authority to grant a remote attendance request from Plaintiff.

7

Case 1:23-cv-00137-MOC-WCM   Document 19   Filed 09/27/23   Page 7 of 8

dismissing of Plaintiff's federal claims under Rule 12(b)(1), the Court declines to exercise jurisdiction over Plaintiff's sole state law claim.

## IV. CONCLUSION

For the reasons stated herein, the Court grants Defendant's motions to dismiss and dismisses this action.

**IT IS, THEREFORE, ORDERED** that:

1. Defendants' Motion to Dismiss, (Doc. Nos. 16, 17), are both **GRANTED**.

2. This action is dismissed.

3. The Clerk is directed to terminate this action.

Signed: September 26, 2023

Max O. Cogburn Jr
United States District Judge